**Morton H. ZALUTSKY, Trustee of Zalutsky, Klarquist & Johnson, P.C. Profit-Sharing Plan and Trust, Plaintiff,**

v.

**Jean EPSTEIN, Defendant.**

**Civ. No. 85–538–FR.**

United States District Court,
D. Oregon.

Feb. 25, 1986.

Garry L. Kahn, P.C., Portland, Or., for plaintiff.

William M. McAllister, Bennett H. Goldstein, Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., for defendant.

## ORDER

FRYE, District Judge:

In the matter before the court, defendant, Jean Epstein, moves the court for an order granting summary judgment in her favor and against plaintiff, Morton H. Zalutsky, Trustee of Zalutsky, Klarquist & Johnson, P.C. Profit-Sharing Plan and Trust (Zalutsky). Zalutsky seeks to enforce Epstein's alleged liability under a personal guaranty of the obligations of a purchaser under a land sale contract.

## UNDISPUTED FACTS

In December, 1978, the High Sierra Corporation sold the Fountain Apartments in Springfield, Oregon to Equifactors, Ltd. on a land sale contract. In January, 1979 High Sierra Corportaion sold its vendor's interest in the land sale contract to Zalutsky. In connection with this assignment, Epstein and her late husband guaranteed the performance of Equifactors, Ltd. under the land sale contract. In addition, Epstein's late husband executed a second guaranty agreement dated January 3, 1979.

In 1982 Equifactors, Ltd. defaulted on its payments to Zalutsky under the land sale contract. In August, 1983 Equifactors, Ltd. sold the Fountain Apartments to Tall Firs Estate Partnership. Zalutsky executed a bargain and sale deed to Equifactors, Ltd. at the same time. Equifactors, Ltd. did not receive enough money from the sale of the Fountain Apartments to Tall Fir Estates Partnership to pay off Zalutsky. A deficiency resulted.

In 1983 Epstein's husband died. In 1984 a claim was filed by Zalutsky against his estate seeking the deficiency amount due to Zalutsky under the land sale contract. That claim is still pending. In 1985 this case was filed, seeking the same deficiency amount from Jean Epstein.

Epstein now moves this court for summary judgment in her favor pursuant to Fed.R.Civ.P. 56 on the ground that as a matter of law her liability under the guaranty agreement was extinguished when Equifactors, Ltd. sold its interest in the Fountain Apartments to Tall Firs Estate Partnership and Zalutsky executed a bargain and sale deed to Equifactors, Ltd.

## DISCUSSION

Epstein first contends that the execution and delivery of the deed by Zalutsky to Tall Firs Estate Partnership extinguished any performance obligation that Equifactors, Ltd. had under the land sale contract and therefore extinguished any obligation she had under the guaranty. Epstein further contends that even if there had been an agreement to preserve Zalutsky's right to recover against her under the guaranty

despite the sale to Tall Firs Estate Partnership, the land sale contract itself precludes any liability for a deficiency judgment following the sale.

■ As to Epstein's first contention, Zalutsky argues that there is a genuine issue of material fact as to his intent to condition his consent to the sale and delivery of the bargain and sale deed on the preservation of his rights under the guaranty. Zalutsky points to several letters exchanged between him and counsel for Epstein's late husband. However, there is no evidence that counsel for Epstein's late husband represented her. There are some "assumptions" that he did, but these cannot create an issue of fact in light of Epstein's testimony that her husband's attorney did not represent her.

As to Epstein's second contention, the parties agree that the land sale contract precludes any recovery for a deficiency under section 13(b)(v)(d) of the contract. However, Zalutsky contends that the parties did not intend the guarantees to be limited by that provision in the land sale contract.

The language of the guarantees provides:

Guaranty 1:

We, Leonard I. Epstein and Jean M. Epstein for valuable consideration, hereby guarantee performance of purchasers [sic] in Land Sale Contract [sic] dated December 28, 1978, between High Sierra Corporation and Equifactors Ltd. for certain real property described in Exhibit A hereto.

Guaranty 2 provides in relevant part:

Leonard I. Epstein hereby guarantees the prompt and complete performance by Equifactors, Ltd. of all the covenants and conditions contained in the December 28, 1978 contract between High Sierra Corporation and Equifactors, Ltd. and the payment of all damages, costs, and expenses which by virtue of the foregoing contract might become recoverable by High Sierra Corporation from Equifactors, Ltd.

In support of his position that the guarantees were not intended to be limited by the language in section 13(b)(v)(d) of the land sale contract, Zalutsky offers his affidavit which states in part as follows:

6. The guaranty of Defendant and her husband was to cover the full payment of the purchase price even if Equifactors, Ltd. failed to pay the full purchase price for the Fountain Apartments. The guaranty was not to be limited by paragraph 13(b)(v)(d) of the Fountain Apartments' contract.

However, Zalutsky testified in his deposition as follows:

Q. [By Epstein's counsel] Now, the performance under the contract, as opposed to guaranties of all payments due, why did you choose that particular language?

A. [By Zalutsky] Performance is a broad word. That would include making payments and complying with all the provisions of the contract.

Q. Was it correct that you understood that whatever Equifactors' obligations were, Dr. and Mrs. Epstein's computations—

A. Correct.

Q. And would it be correct to say the guaranty would not extend beyond Equifactors' obligations under the contract? That would be your understanding?

A. That's correct.

■ While a guaranty may be broader than the principal contract, the language of the guaranty will generally control the extent of liability. There is no evidence of any intention on the part of Jean Epstein to assume an obligation greater than Equifactors' or to exclude any provision of the land sale contract by the guaranty agreement. The only evidence contrary to the written guaranty is Zalutsky's conclusory statement in his affidavit that the parties intended that the guaranty not be limited by the anti-deficiency judgment provision in the land sale contract. This assertion by Zalutsky—given his contrary statement in his deposition and the plain language of the guaranty agreement and section 13(b)(v)(d) of the land sale contract—does not create a

material issue of fact. The court finds that as a matter of law the guaranty signed by Epstein bound her only to the extent that Equifactors Ltd. was bound.

IT IS ORDERED that defendant Jean Epstein's motion for summary judgment is GRANTED.